IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD PARKELL, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-543-LPS |
| TINA LINSEY, et al., | : | |
| Defendants. | : | |

Donald Parkell, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 14, 2017
Wilmington, Delaware

*signature* 

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Donald Parkell ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] (D.I. 3, 7) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

Plaintiff filed his Complaint on May 10, 2017 and supplemented it on July 11, 2017. (D.I. 3) He has been housed at the VCC since January 31, 2014. A review of the Complaint reveals that it contains several claims against nine defendants, as follows:

**Loss of all Privileges**. On an unknown date, Defendants Tina Linsey ("Linsey"), John Amado ("Amado"), and Johnny Suarez ("Suarez") subjected Plaintiff to 24-hour loss of all privileges and, on July 15, 2015, Suarez issued Plaintiff a 24-hour loss of all privilege. Plaintiff alleges that on the unknown date he was not afforded an opportunity to present a defense to the misconduct and on July 15, 2015, he did not receive a hearing before he was found guilty. He further alleges that on both occasions he was punished in violation of his right to Due Process under the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff alleges that former VCC warden Defendant David Pierce ("Pierce") enacted or maintained the 24-hour loss of all privilege practices or policy and instructed all officers to use this option.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

**Strip Searches.** Plaintiff alleges violations of the Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that, in June 2015, he was sanctioned and housed in disciplinary isolation for five days. Plaintiff alleges that, during that time, Pierce violated his constitutional rights by subjecting Plaintiff to 15 highly invasive strip searches, even though he had no access to property or contraband of any type.

**Legal Filings.** Plaintiff alleges violations of his right to Due Process when, on unknown dates, Defendant Maria Lyons ("Lyons"), a VCC law librarian, read papers that Plaintiff sought to file and when on two occasions, his filings disappeared, causing actual injury. One missing filing was a writ of certiorari that Plaintiff filed in Civ. No. 10-412-SLR, and the other was a petition for rehearing or rehearing en banc in Civ. No. 12-1304-SLR. Plaintiff alleges that both deadlines passed due to loss of the papers, and he is now time-barred. Plaintiff also alleges that Lyons and Defendant Mike Little ("Little") violated his Due Process rights by failing to ensure that *pro se* filings are afforded the same substantive privileges of legal mail. Finally, Plaintiff alleges that Pierce violated his Due Process rights by failing to provide a secure method for *pro se* filings or photocopying and allowing opportunities for illegal censure by staff who choose to destroy his filings.

**Legal Mail.** On numerous unspecified occasions, Plaintiff was given legal mail that had been opened. Other times, his outgoing legal mail disappeared.

**Emergency Supplies.** On unidentified dates, Lyons and Little advised Plaintiff that the VCC policy to provide emergency supplies of papers, pens, and envelopes for inmates with court deadlines did not apply to him because of his prison claims. Plaintiff alleges that he advised staff of numerous deadlines but most times was denied supplies. In addition, Plaintiff alleges that Lyons and Little retaliated against him when they refused to follow the emergency supply policy even when Plaintiff advised them of a court-ordered deadline.

**Religion**.  Plaintiff alleges violations of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, due to Defendant Gus Christo ("Christo") telling Plaintiff (during an unspecified year) that Defendant Christopher Senato ("Senato") refused to permit Plaintiff to participate in Passover, even though Defendants knew that Plaintiff practices Judaism and receives a kosher diet.  Plaintiff alleges that no effort was made to offer him an opportunity to sign up for Passover meals.  Plaintiff further alleges that after Robert May ("May") provided him with a kosher diet, Senato deliberately served repetitive meals that do not provide for necessary nutrients.  (D.I. 3 at 5)  Plaintiff alleges that Senato provides prepackaged kosher foods that only provide 800 calories and that Senato supplements the diet with non-kosher cross-contaminated food prepared in a non-kosher kitchen.  Plaintiff alleges that the non-kosher food nullifies the kosher diet and imposes a substantial burden on his ability to keep a kosher diet.  Plaintiff also alleges that Senato's actions were in retaliation for previous lawsuits Plaintiff filed against Senato.

**Medical Care**.  Plaintiff alleges that his ribs were fractured during the February 2017 hostage incident at the VCC, that he is in pain, and that he is unable to sleep.  He alleges that Defendant Connections C.S.P. ("Connections") violated his Eighth Amendment rights when it failed to provide him anything stronger than ibuprofen and did not provide him with a pillow.  Connections advised Plaintiff that the Delaware Department of Correction forbids providing pillows to inmates.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

3

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a

4

plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. May 25, 2011).

## IV. DISCUSSION

The Complaint contains unrelated claims against unrelated defendants in violation of Fed. R. Civ. P. 20(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

The claims include: (1) Due Process loss of all privileges on an unknown date and on July 15, 2015, against Lindsey, Amado, Suarez, and Pierce; (2) a June 2015 Eighth Amendment strip search claim against Pierce; (3) Due Process legal filings and retaliation claims on unknown dates against Lyons, Little, and Pierce; (4) legal mail claims against unnamed defendants, that occurred on numerous unnamed occasions; (5) emergency supplies and retaliation claims against Lyons and Little

5

on unnamed occasions; (6) First Amendment religion, RLUIPA, and retaliation claims against Christo and Senato that occurred around Passover in an unnamed year; and (6) an Eighth Amendment medical needs claim against Connections arising on unnamed dates. Most of these claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. In addition, the claims do not involve issues of law or fact common to all Defendants. Finally, the Complaint is deficiently pled. It consists of legal conclusions without supporting facts and fails to meet the pleading requirements of *Iqbal* or *Twombly*. For example, most of the claims provide no time-frame, some fail to allege any personal involvement by any defendant, and other claims are raised against supervisory personnel.

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007); *see also George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."); *Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. Dec. 9, 2002) (finding no abuse of discretion where district court denied leave to amend or supplement complaint as "new claims were not relevant to the claims before that court").

Based upon the foregoing, the Complaint will be dismissed without prejudice due to noncompliance with Fed. R. Civ. P. 20. Plaintiff will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only

6

related claims or parties. Thus, to the extent that Plaintiff believes he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed *in forma pauperis*.

Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with the Court's Order and will result in dismissal. *See* Fed. R. Civ. P. 20. Finally, the failure to file an amended complaint within the specified time will result in dismissal of the action for failure to comply with the Order.

## V.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for failure to comply with Fed. R. Civ. P. 20. Plaintiff will be given leave to amend. An appropriate Order will be entered.