IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD PARKELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-543-LPS |
| | : | |
| TINA LINSEY, et al., | : | |
| | : | |
| Defendants. | : | |

Donald Parkell, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 10, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Donald Parkell ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 10) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).[2] Also before the Court is Plaintiff's motion for injunctive relief. (D.I. 11)

## II. BACKGROUND

Plaintiff alleges that after he was issued disciplinary reports, Defendants Tina Linsey ("Linsey"), John Amado ("Amado"), and Johnny Suarez ("Suarez") imposed sanctions of 24 hour loss of all privileges and a 24 hour period of cell confinement. The sanctions were imposed on April 10, 2015, July 8 and 15, 2015, and August 14, 2015. Plaintiff alleges the punishments were arbitrary and afforded Defendants carte blanch to abuse their authority without any means for Plaintiff to challenge the accusations. Plaintiff alleges Defendants' actions violated his right to due process. In addition, Plaintiff alleges that former VCC warden David Pierce violated his right to due process by maintaining the policy that gave Linsey, Amado, and Suarez the ability to arbitrarily issue 24 hour sanctions.

Plaintiff seeks compensatory and punitive damages and injunctive relief.

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The original complaint was dismissed and Plaintiff was given leave to amend. (*See* D.I. 8, 9)

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See*

*Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's claims for violation of his right to due process are legally frivolous. The punishment imposed upon him, loss of privileges for 24 hours, is not severe enough to trigger due process protections. Applying *Sandin v. Conner*, 515 U.S. 472 (1995), Plaintiff has failed to allege a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted).

In *Sandin*, the discipline administered to the prisoner was confinement in isolation, which fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 485, 486. The 24 hours loss of a privileges sanctions imposed upon Plaintiff "fall[] within the expected parameters of the sentence imposed by a court of law." *Id.* at 485; *see also Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for 15 months did not impose atypical and significant hardship on prisoner). Therefore, neither the Due Process Clause nor State law or regulations give rise to a liberty interest triggering the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Accordingly, the Court will dismiss the Amended Complaint, as the claims raised are legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for injunctive relief (D.I. 11);[3] and (2) dismiss the Amended Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds Amendment futile.

An appropriate order will be entered.

---

[3]The text of the motion for injunctive relief refers to a different case filed by Plaintiff, *Parkell v. Pierce*, Civ. No. 17-157-LPS, filed February 14, 2017. Plaintiff is represented by counsel in that case and the motion and supporting affidavit speak to the attorney-client relationship in that case. It is unclear why the motion was filed in this case.